FITZGERALD v. MORAN et al.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

BUILDING CONTRACTS—SPECIFICATIONS—CONSTRUCTION.

A building specification provided that all walls should be plastered with K. & Co.'s cement, under the direction of a superintendent of K. & Co. Another specification provided that the cement and sand should be mixed in equal parts. *Held*, that the two specifications were not inconsistent; that effect could be given to each; that the supervision of the superintendent applied to the laying of the plaster on the walls; and that plaintiff could not use a less proportion of cement in the mixture merely because the superintendent assented thereto.

Appeal from special term, Kings county.

Action by Patrick F. Fitzgerald against William J. Moran and Eben J. Knowlton. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Magner & Hughes, (Thomas F. Magner,* of counsel,) for appellant. *Thomas E. Pearsall,* for respondents.

CULLEN, J. This is an appeal from a judgment in favor of the defendant, entered on the decision of the court without a jury. The action is to foreclose a mechanic's lien. The plaintiff, a subcontractor, agreed to do the plasterer's work of the mason's contract. During the progress of the work a dispute arose between the parties as to the character of the work, and plaintiff's contract was terminated. The answer averred that the plaintiff failed to comply with the terms of the contract. There is no dispute as to the contract between the parties. It was to do the work according to the written specifications of the contract between the owner and the principal contractor. The first question arises as to the interpretation of the contract. One specification provided that all walls were to be plastered with King's cement, under the direction of a superintendent of King & Co. Another specification provided that the cement and sand should be mixed in equal parts. It is claimed that the first specification controlled, and that the assent of King's superintendent authorized the plaintiff to use a less proportion of cement in the mixture than that mentioned in the specification. The cardinal rule in the interpretation of contracts is to give effect to every part of them if practicable. There is no necessary inconsistency between the two specifications; full effect can be given to each. The plastering—that is, the laying of plaster on the walls—was to be subject to the direction of the superintendent, but the ingredients of the plaster and proportions were to be those provided for in the contract. It cannot be supposed that these were to be subject to modification at will by the superintendent, because on the proportions of the ingredients of the plaster the cost and value of the work largely depended. The ruling of the trial court in this respect was therefore correct. We are asked to reverse the decision of the trial court on the facts. While it is our duty to examine and pass upon the questions of fact, unless there is a decided preponderance of proof to the contrary we should respect the decision of the trial court, which had the advantage of the oral examination of the witnesses. We think the evidence clearly shows that in many important respects the plastering was not done according to the contract, and that the variations

were so great and continuous as to affect the whole character of the work. It may be that the plastering was a good job. It may have been unnecessary to have removed as much of the plastering as was actually removed, if the owner was content simply to have a good article of plaster. But, clearly, it was not what the owner had stipulated for, or what the plaintiff had agreed to furnish, and for which he was to receive a liberal price. The defendants were therefore only exercising their legal rights in rejecting the work. The judgment appealed from should be affirmed, with costs. All concur.